UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LORENZO MATTHEWS,

    Petitioner,

v.                                                                                         Case No. 2:05-cv-181
                                                                    HON. JANET T. NEFF

JERI-ANN SHERRY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Lorenzo Matthews filed this petition for writ of habeas corpus challenging the validity of the trial court's failure to grant him credit for time served on his June 7, 1999, conviction for assault with intent to commit great bodily harm less than murder and being a fourth habitual offender. Petitioner has been discharged from this sentence. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner filed a motion to amend the judgment of sentence and the trial court explained the circumstances and reasons for not giving credit to petitioner:

> On June 8, 1999, defendant was sentenced to a term of 3 to 10 years in prison for his plea convictions of Assault with Intent to Do Great Bodily Harm less than Murder and Habitual Felon - 4th felony offense. Because defendant committed the offenses while incarcerated in prison, serving sentences of life without parole for first degree murder convictions, the sentence was ordered to be served

consecutive to the life sentences in file numbers 86-01765 and 85-563847, and defendant was not given credit for time served. On May 29, 2003, defendant filed the instant "Motion for Relief from Judgment" under MCR 6.500 *et seq*. in which defendant through counsel argued that, because defendant's murder convictions in file number 86-01765 had been vacated by the U.S. Sixth Circuit Court of Appeals on February 10, 2003, defendant was entitled to jail credit as of July 22, 1998, the date of the issuance of the arrest warrant. The Court notes that defendant <u>may</u> be retried on these first degree murder charges in Wayne County. Defendant requests that the Court issue an amended judgment of sentence which would grant jail credit on defendant's sentence from the time of the commission of the offense or the issuance of the warrant.

After a re-evaluation of the entire record, the Court, notwithstanding any previous comments it may have made to the contrary on the record, holds in this first formal opinion and order on the petition, that defendant is not entitled to an amended sentence. MCR 6.508(D)(3)(b)(iv) provides that the court may grant relief only if defendant demonstrates that the sentence was invalid. See also *People v. Thomas*, 447 Mich 390, 393 (1994). A sentence is invalid "when it is beyond statutory limits, when it is based upon constitutionally impermissible grounds, improper assumptions of guilt, a misconception of law . . . when it conforms to local sentencing policy rather than individualized facts . . . [or] if it is based on inaccurate information." *People v. Miles*, 454 Mich 90, 96 (1997); also, *People v. Whalen*, 412 Mich 166, 169-170 (1981). By these criteria, defendant's sentence was valid at the time it was imposed; thus, defendant is not entitled to an amended sentence. He was serving three legal life sentences without parole for three convictions of first degree murder until February 10, 2003.

While at first impression the strict application of these rules of law may appear to produce a harsh result, defendant is not suffering a miscarriage of justice. The record reflects that defendant was given substantial charge and sentence concessions in this case primarily because he was serving three concurrent life sentences without parole for his three first degree murder convictions. Indeed, the advisory sentence guidelines were 48 to 80 months, and the Court sentenced defendant below the guidelines. Both counsel and the Court felt that they were doing little more than "closing a file," because no practical, meaningful sanction could be imposed upon a defendant who was already serving sentences of life without parole. Defendant received

> in the instant case the advantages of his status as a prisoner serving life without parole, so the strict application of the aforementioned rules of law in denying his petition does not work an unfairness upon him.

The court's ruling was affirmed by the Michigan Appellate courts which denied petitioner any relief.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state

- 3 -

court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner challenged only the duration of his sentence. Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir. 1970). To the extent that petitioner challenges the correctness of his sentence on the basis of state law, petitioner is not

entitled to habeas review unless there has been a fundamental miscarriage of justice. *See Bagby v. Sowders*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929 (1990). Petitioner has been discharged from his sentence. Accordingly, in the opinion of the undersigned, petitioner's challenge to the failure to receive credit for time served is moot. *Brock v. U.S. Dept. of Justice*, 256 Fed. Appx. 748 (6th Cir. 2007) ("no actual injury remains which the court could redress with a favorable decision.").

In summary, the undersigned concludes that petitioner's claims are moot and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that petitioner's claims are moot by the discharge of his sentence.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   June 12, 2008